**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                    :
MONICA C. WHITE-SQUIRE,              :  CIVIL ACTION NO. 08-3486 (MLC)
et al.,                              :
                                     :      **MEMORANDUM OPINION**
     Plaintiffs,                     :
                                     :
     v.                              :
                                     :
UNITED STATES POSTAL SERVICE,        :
                                     :
     Defendant.                      :
                                     :
```

**COOPER, District Judge**

Plaintiffs – Monica C. White-Squire ("White-Squire") and John Squire ("Squire") – commenced this action against defendant – United States Postal Service ("USPS") – to recover damages for injuries allegedly sustained by White-Squire after her vehicle and a USPS vehicle collided. (Dkt. entry no. 1., Compl.)[1] The Government now moves to dismiss the complaint, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), for lack of subject matter jurisdiction, alleging that the claims asserted are barred by the Federal Tort Claims Act ("FTCA"). (Dkt. entry no. 4.) The Court will decide the motion without oral argument and on the papers pursuant to Rule 78(b). For the reasons stated

---

[1] The proper defendant in this case is the United States, rather than the USPS. See 28 U.S.C. § 2679(a). Because the Court, however, finds that plaintiffs have failed to exhaust their administrative remedies prior to filing suit, an amendment is unnecessary at this time. See Medina v. City of Phila., No. 04-5698, 2005 U.S. Dist. LEXIS 8740, at *7 n.1 (E.D. Pa. May 9, 2005), aff'd, 219 Fed.Appx. 169 (3d Cir. 2007).

herein, the Court will (1) grant the motion, and (2) dismiss the complaint.

## BACKGROUND

Plaintiffs assert that, on July 17, 2006, an employee of the USPS disregarded a traffic signal and negligently caused the USPS vehicle he was driving to collide with the vehicle operated by White-Squire ("7-17-06 Collision").  (Compl. at 2; dkt. entry no. 7, Pl. Br. at 8.)  Plaintiffs' counsel, on or about August 15, 2006, mailed to the USPS a letter purporting to constitute "formal notice" of White-Squire's "claim for personal injuries that she sustained in the [7-17-06 Collision]" ("8-15-06 Letter").  (Dkt. entry no. 4, James Certif., Ex. A, 8-15-06 Letter at 1.)  The letter provided the date of accident and White-Squire's and counsel's contact information, and appears to have had an attached police report allegedly describing the incident.  (Id. at 1-2.)  The 8-15-06 Letter did not, however, specify the specific claim or claims White-Squire intended to pursue, nor did it state a "sum certain" for the damages sustained.  (See id.)  Moreover, the letter made no mention of any claims Squire, White-Squire's husband, intended to pursue.  (See id.)

Plaintiffs' counsel received two separate letters in response to the 8-15-06 Letter.  The first letter, dated August 18, 2006, and sent from the USPS Tort Claims Coordinator,

2

enclosed two Standard Form 95 - Claim for Injury or Death ("SF-95") forms, and indicated that for the claim "to receive proper consideration," all material facts must be supplied on the SF-95 forms ("8-18-06 Letter"). (James Certif., Ex. B, 8-18-06 Letter at 1.) The letter specifically noted certain administrative requirements, including, in bold font, the requirement that the claim must "be for a specific amount." (Id. at 2.) The 8-18-06 Letter also requested medical records and bills relating to White-Squire's claim. (Id.)

A second letter sent to plaintiffs' counsel, dated August 22, 2006, and sent by a Tort Claims Examiner/Adjudicator, also enclosed a blank SF-95, and specifically stated, inter alia, that the 8-15-06 Letter did "not constitute a valid claim under the [FTCA]" ("8-22-06 Letter"). (James Certif., Ex. C, 8-22-06 Letter at 1.) The letter explained that an administrative claim must present (1) specific facts to permit the Government to investigate, and (2) a "sum certain for injuries or losses alleged as a result of the incident." (Id.) The 8-22-06 Letter further provided that "an administrative claim must be presented in writing to the [USPS] and received by the agency within two years from the time such claim accrues" and "[u]ntil a valid claim is received, the . . . statute of limitations . . . continues to run." (Id. at 2.)

3

Plaintiffs' counsel, in response, mailed a second letter to the USPS Tort Claims Coordinator, dated October 6, 2006, (1) acknowledging receipt of the 8-22-06 Letter, (2) advising the USPS that White-Squire was still under active medical care, and (3) indicating that a "sum certain" demand and White-Squire's relevant medical records would be submitted "[o]nce [White-Squire] is discharged from the doctors' care" ("10-6-06 Letter"). (James Certif., Ex. D, 10-6-06 Letter.) The Government, however, did not receive a completed SF-95 from either of the plaintiffs. Nor did the Government receive a specific demand or supporting medical records and documentation regarding the amount of damages White-Squire seeks.

The USPS did, however, receive a valid SF-95 related to the 7-17-06 Collision from CRAIG/is Ltd. ("Craig"), a subrogation company hired by White-Squire's automobile insurance carrier, seeking damages in the amount of $17,191.31 to cover property damage (worth $4,094.31) and reimbursement for personal injury protection ("PIP") payments (worth $13,097.00). (See James Certif., Ex. E, Craig SF-95.) The USPS offered to settle Craig's claim for $3,562.31, noting that the Government is not obligated to reimburse the company for PIP payments and that notice was received from "insured's attorney that bodily injury claims will be filed after medical release." (James Certif., Ex. F, 6-13-07 Letter at 1-2.) The USPS ultimately settled with Craig for $3,594.31. (See James Certif., Ex. G.)

Plaintiffs filed the two-count complaint on July 14, 2008, alleging that an SF-95 was submitted on their behalf on August 15, 2006, prior to bringing the lawsuit. (Compl. at 3.) Count I alleges that the 7-17-06 Collision was a direct and proximate result of the negligence of the USPS and its employee, and caused White-Squire to sustain, inter alia, "severe and diverse personal injuries for which she has incurred and will continue to incur medical expenses, loss of income, pain and suffering, discomfort, inconvenience, emotional distress, disabilities and restrictions on her normal daily activities, [and] loss of quality and enjoyment of life's pleasures." (Id. at 2.) Count II asserts that Squire, as a result of the collision, has "been deprived of the society, services and consortium of his spouse." (Id. at 3.)

The Government now moves to dismiss the complaint on the basis that plaintiffs have not exhausted all administrative remedies under the FTCA. (Dkt. entry no. 4, Def. Br. at 1.) Specifically, the Government alleges that it was not provided sufficient notice of the incident because (1) White-Squire did not provide a "sum certain" for the total damages at issue in her claim, and (2) Squire failed to file an administrative claim. (Id. at 10-13.) See 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a). Plaintiffs oppose the motion, asserting that because White-Squire is still under "active medical care and treatment by a pain management doctor," a "good faith sum certain settlement demand

5

could not be communicated" to the USPS within the statutory period. (Pl. Br. at 10.) Plaintiffs contend that they "substantially complied" with the "spirit and intent" of the FTCA requirements, and, as such, the complaint should be dismissed without prejudice to allow White-Squire 30 days to submit a sum certain demand. (Id. at 11-13.) Plaintiffs further contend that there was an "implicit understanding" with the Government that a sum certain demand would be provided when available. (Id. at 16-17.)

### DISCUSSION

I.  Legal Standards

   A.  Motion to Dismiss

A defendant may move to dismiss a claim for lack of subject matter jurisdiction at any time. Fed.R.Civ.P. 12(b)(1); Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 437-38 (D.N.J. 1999). A defendant may challenge the subject matter jurisdiction through a facial or factual attack. Gould Elecs. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). Under either challenge, plaintiff bears the burden of persuasion to show the court has jurisdiction. Id. When reviewing a facial attack, the court assumes the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983); Iwanowa, 67 F.Supp.2d at 438.

When reviewing a factual challenge, in contrast, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Carpet Group Int'l v. Oriental Rug Importers Ass'n, 227 F.3d 62, 69 (3d Cir. 2000) (quotation and citation omitted). The court may consider affidavits, depositions, and testimony to resolve factual issues, and weigh the evidence to satisfy itself as to the existence of its power to hear the case. Iwanowa, 67 F.Supp.2d at 438.

This case concerns a factual challenge, and thus the Court may consider the documents attached to the pleadings. See Medina, 219 Fed.Appx. at 172 (finding defendant's motion to dismiss based on plaintiff's failure to exhaust remedies under the FTCA to be a factual attack on jurisdiction); Arias v. United States, No. 05-4275, 2007 WL 608375, at *2 (D.N.J. Feb. 23, 2007) (same); Adegbuji v. United States, No 04-2619, 2005 WL 1917770, at *1 n.2 (D.N.J. Aug. 10, 2005) (same), aff'd, 223 Fed.Appx. 194 (3d Cir. 2007).

**B.    The FTCA**

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell,

7

445 U.S. 535, 538 (1980) (quotation and citation omitted). Further, "[a] waiver of sovereign immunity cannot be implied but must be unequivocally expressed." Id. (quotation and citation omitted). Sovereign immunity, therefore, deprives a court of subject matter jurisdiction over a claim against the United States unless a statute grants an express waiver of immunity. United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000) (asserting "federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit"); Perez v. United States, No. 06-1508, 2007 WL 1489816, at *1 (D.N.J. May 21, 2007) (noting "[a]bsent a specific waiver of sovereign immunity[,] the courts lack subject matter jurisdiction over claims against the federal government"), aff'd, 269 Fed.Appx. 207 (3d Cir. 2008).

The FTCA waives sovereign immunity for claims against the United States seeking monetary damages where the injury results from a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant." 28 U.S.C. § 1346(b)(1); Perez, 2007 WL 1489816, at *1.

The FTCA has explicit exceptions to its waiver of sovereign immunity, including the requirement that a claimant first exhaust

available administrative remedies.  28 U.S.C. § 2675(a).[2]  Under this exception, the FTCA waives sovereign immunity only where, before bringing an action in a federal court, a plaintiff has filed a claim with the appropriate federal agency and the agency issued a final denial of the claim.  Id.; Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971); Kieffer v. Vilk, 8 F.Supp.2d 387, 395 (D.N.J. 1998).  The claim is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b).[3]  The requirement of administrative exhaustion is "jurisdictional and cannot be waived."  Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).

The plaintiff carries the burden of proof to establish presentment of the claim to the appropriate agency.  Medina, 219 Fed.Appx. at 172.  This burden is met if plaintiff can show the agency was given (1) written notice of the claim sufficient to enable the agency to investigate, and (2) the value of the claim.  See 28 C.F.R. § 14.2; Tucker v. U.S. Postal Serv., 676 F.2d 954,

---

[2] Strict compliance with 28 U.S.C. § 2675(a) is required to establish subject matter jurisdiction over an FTCA suit.  See, e.g., Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989).

[3] The claim is also barred "unless action is begun within six months after the date of mailing . . . notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).

9

959 (3d Cir. 1982).  In placing this burden on plaintiffs, Congress intended to "ease court congestion and avoid unnecessary litigation, while making it possible for the government to expedite the fair settlement of torts claims."  Id. (quotation and citation omitted); see Johnson v. United States, 788 F.2d 845, 848-49 (2d Cir. 1986).  The purpose of the "sum certain" requirement is to enable the government to determine "whether the claim falls within the jurisdictional limits of [the government's] exclusive authority to process, settle or to properly adjudicate the claim."  Bialowas, 443 F.2d at 1050.

**II. Dismissal is Appropriate**

    **A.   White-Squire's Claims (Count I)**

The Government was not provided sufficient notice of White-Squire's claims, and, accordingly, the Court must find that there is no subject matter jurisdiction over Count I of the complaint. See 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2; Tucker, 676 F.2d at 959.  As plaintiffs' counsel was informed in two separate letters from the USPS, White-Squire's administrative claim was invalid because it failed to provide a "sum certain" request for damages. (See James Certif., Ex. B, 8-16-06 Letter; James Certif., Ex. C, 8-22-06 Letter.)  Plaintiffs do not dispute their noncompliance with the sum certain requirement.  (See Pl. Br.)  Plaintiffs instead contend that they "substantially complied" with the "spirit and intent" of the FTCA, but because "[White-Squire] is

10

still under active medical care and treatment by a pain management doctor," plaintiffs were not in a "position to provide sum certain good faith demand for bodily injury claim within two years of the accident."  (Id. at 10-13.)  Plaintiffs argue "[counsel] communicated to USPS that he would wait until [White-Squire] was finished treating to submit a good faith settlement demand," and thus the complaint should be dismissed without prejudice, with leave for plaintiffs to submit a sum certain demand to the Government within 30 days.  (Id. at 13.)  Plaintiffs further contend that the Government had "an implicit understanding that a sum certain would be provided when the extent of [White-Squire's] injuries and treatment were known."  (Id. at 14-17).

    The requirement that an administrative claim be presented to the Government within two years from accrual is a clear requirement.  See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[T]he risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent.")  Although plaintiffs argue that their intention to later provide a "sum certain" amount was in "good faith" and complies with "the spirit and intent" of the FTCA, the requirement must be strictly construed.  Presentment is a jurisdictional hurdle, leaving the Court no discretion to waive or suspend the requirement until such a time when the plaintiffs are able to exhaust their

administrative remedies.  See id. (holding that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"); Livera, 879 F.2d at 1194 (noting that exhausting administrative remedies "is a jurisdictional requirement not subject to waiver by the government"); Tucker, 676 F.2d at 954 ("[N]oncompliance with section 2675 deprives a claimant of federal court jurisdiction over his or her claim"); Kieffer, 8 F.Supp.2d at 395 ("The fulfillment of the administrative exhaustion requirement is . . . essential to a court's subject matter jurisdiction over a claim under the FTCA.").

Plaintiffs' counsel received three blank copies of the requisite form, but plaintiffs did not submit an SF-95 to the Government.[4]  In the absence of filing a proper SF-95, a letter may, at times, suffice to give notice.  The FTCA requirements, however, are not met if sufficient information is not provided to enable the Government to investigate the incident and discuss settlement possibilities.  The value of the claim must be provided to constitute sufficient information.  See Medina, 219 Fed.Appx. at 172 (holding claims not sufficiently presented

---

[4] Despite plaintiffs' assertion in the complaint that an SF-95 was filed on August 15, 2006, no evidence has been presented that supports this statement.  (See Compl. at 3.) There has been no suggestion that the 8-15-06 Letter was submitted in addition to an SF-95 form.

because "[n]one of the letters sent by [plaintiff's] attorney . . . requested monetary damages in a 'sum certain'"); Del Prado v. United States, No. 04-5403, 2006 U.S. Dist. Lexis 42490, at *3 (D.N.J. June 22, 2006) (dismissing complaint because, inter alia, plaintiff's correspondence did not state sum certain); Kieffer, 8 F.Supp.2d at 397 (holding letter did not constitute notice because no sum certain was included); Martinez v. U.S. Post Office, 875 F.Supp. 1067, 1075 (D.N.J. 1995) ("Letter does not constitute the filing of a claim before the [USPS], because it does not contain a request for a 'sum certain' in damages."); cf. Hawa Abdi Jama v. U.S. INS, 22 F.Supp.2d 353, 367 (D.N.J. 1998) ("A claim may be sufficient if a total amount is 'directly inferable' from information presented.").

     The Court, furthermore, finds no evidence that there was an "implicit understanding" with the Government that the sum certain amount did not have to be submitted within the statutory period. Plaintiffs' counsel was sent not one, but two letters notifying him of the requirement, and the 8-22-06 Letter specifically stated that the limitations period would continue to run until a valid administrative claim was received.  (James Certif., Ex. C, 8-22-06 Letter at 2; see James Certif., Ex. B, 8-18-06 Letter.) The 6-13-07 Letter between the Government and Craig, mentioning that the Government expected a sum certain demand to be filed by plaintiffs, does not waive any statutory requirements or evidence

an "implicit agreement" between plaintiffs and the Government. (See James Certif., Ex. F, 6-13-07 Letter.)  Regardless of whether the Government was of the belief that White-Squire intended to submit additional information regarding her claim, plaintiffs are still bound by statutory limitations.  (See id.)[5]

Plaintiffs contend that the Court should dismiss the complaint without prejudice to allow plaintiffs to file a sum certain demand.  (Pl. Br. at 11-13.)  Though the statutory tolling provisions of the FTCA are limited, courts have recognized the power to equitably toll the statute.  See Hughes v. United States, 263 F.3d 272, 278 (3d Cir. 2001) (holding that "the FTCA's statute of limitations is not jurisdictional" and "failure to comply with the statute is an affirmative defense which the defendant has the burden of establishing"); see also Rendon v. Phila. Health Servs., 38 Fed.Appx. 807, 808 (3d Cir. 2002) (same).  The Third Circuit has identified three principal situations in which equitable tolling might be appropriate under the FTCA: "(1) the defendant has actively misled the plaintiff respecting the cause of action; (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or

---

[5] The damages at issue in the Craig settlement related to property damage and PIP reimbursements.  (See James Certif., Ex. F, 6-13-07 Letter.)  The Government has stated such damages "apparently [are] not at issue in plaintiff's lawsuit."  (Def. Br. at 10.)  The Court notes that plaintiffs have not contested this statement.

14

(3) the plaintiff has raised the precise statutory claim but has mistakenly done so in the wrong forum." <u>Sch. Dist. Of Allentown v. Marshall</u>, 657 F.2d 16, 20 (3d Cir. 1981) (quotations and citations omitted). The circumstances to justify equitable tolling, however, must be extraordinary and "do not extend to what is a garden-variety claim of excusable neglect." <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990); <u>see</u> <u>Hedges v. United States</u>, 404 F.3d 744, 751 (3d Cir. 2005) ("Equitable tolling is an extraordinary remedy which should be extended only sparingly.")

Plaintiffs have not set forth any facts, evidence, or arguments for the Court to conclude that the extraordinary remedy of equitable tolling is appropriate in this case. As discussed <u>supra</u>, plaintiffs' counsel was notified of the sum certain requirement and that the statutory period would continue to run, but failed to submit a sum certain demand within the specified time frame. No evidence has been presented to suggest that the Government replied to counsel's 10-6-06 Letter or otherwise in any way expressed to plaintiffs an intent to waive any of the administrative requirements set forth by the FTCA. Tolling the statute is thus not appropriate in this case.

The Court cannot excuse noncompliance of this jurisdictional hurdle. <u>See, e.g.</u>, <u>Adkins v. United States</u>, 896 F.2d 1324, 1325 (11th Cir. 1990) (dismissing complaint because "although promptly

15

and specifically invited to do so by the [USPS], plaintiffs provided nothing to the Government within the period prescribed by the statute that would have permitted a reasonable estimate of the value of their claim, or even a speculative guess as to the seriousness of their injuries"); <u>Lucas v. United States</u>, No. 07-349, 2008 U.S. Dist. LEXIS 1059, at *4-*7 (S.D. Ind. Jan. 3, 2008) (dismissing complaint because, although plaintiff was told the SF-95 was deficient and argued that the value of claim could not be provided because medical treatment was ongoing, no sum certain was submitted); <u>Caputo v. United States</u>, No. 07-85, 2007 U.S. Dist. LEXIS 51505, at *2-*6 (M.D. Fla. July 17, 2007) (dismissing complaint because, even though plaintiff sent letter promising to provide a sum certain once he was in receipt of all medical records and bills, no sum certain was provided); <u>see also</u> <u>Green v. United States</u>, 385 F.Supp. 641, 644 (S.D. Cal. 1974) (finding a suggestion that an agency must solicit an additional administrative claim if it has received some sort of constructive notice of a potential claim to be "alien to the adversary concept of American jurisprudence [and] unsupported as a matter of law"). White-Squire has failed to exhaust her administrative remedies under the FTCA, 28 U.S.C. § 2675(a), and, as such, the Court finds there is no subject matter jurisdiction over Count I of the complaint.

### B. Squire's Claim (Count II)

The Government was not provided administrative notice of Squire's claim. To sue for loss of consortium or services under the FTCA, spouses of tort victims must also follow the statutory procedures. See Nazzaro v. United States, 304 F.Supp.2d 605, 622 (D.N.J. 2004); Kieffer, 8 F.Supp.2d at 396; Schwartzman v. Carmen, 995 F.Supp. 574 (E.D. Pa. 1998). The first instance in which the Government was given notice of Squire's claim was in the complaint. Such notice is insufficient under the FTCA. See 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a). Because Squire failed to file his administrative claim within the two year limitations period, his claims are now barred. Accordingly, the Court will dismiss Count II of the complaint.

### CONCLUSION

The Court, for the reasons stated supra, will grant the motion, and dismiss the complaint. The Court will issue an appropriate order and judgment.

                                    s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated:    February 5, 2009